## UNITED STATES v. WILLIAMS et al.

### (District Court, D. Montana. January 17, 1924.)

### No. 298.

1. Searches and seizures ⬥7—Search by consent of owner not "unreasonable search."

A search of premises by a sheriff and prohibition agents without a warrant, but by consent of the owner, freely given on their request, is not an "unreasonable search," within the Fourth Amendment to the Constitution.

2. Criminal law ⬥394—Evidence secured by unlawful search competent against a codefendant.

It is not a valid objection to the admission of evidence against a defendant that it was secured through unlawful search of the premises of a codefendant.

In Equity. Abatement suit by the United States against Joe Williams and Thomas O. Dixon. Decree for complainant.

John L. Slattery, U. S. Atty., and W. H. Meigs, Asst. U. S. Atty., both of Helena, Mont.
John A. Matthews, of Townsend, Mont., for defendants.

BOURQUIN, District Judge. The ranch premises sought to be abated as a common nuisance, within the provisions of the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138½ et seq.), are owned by Dixon and in possession of his tenant, Williams. They join in a motion for return of personal property now in possession of the prosecution, and which by prohibition agents, without search warrant and against the will of defendants, it is alleged, was seized upon and carried away from said premises, viz. bottles, tank, coil, and liquid.

The motion was heard during trial of the merits, and it appears that two said agents, with the sheriff, entered upon the premises, met Williams in the open, told him they were officers, and "wanted to look the premises over," to which he responded, "All right." Thereupon they proceeded to a semi-dugout root cellar, found it locked. Williams said his wife had the key; the sheriff pried open the door, and therein were 2 barrels of fermenting mash. They then proceeded to an old brewery, formerly operated by Williams and upon the premises, and

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therein found some 200 bottles of beer, a copper vessel, and a copper coil; vessel and coil bearing evidence of former union by a paste joint. The mash was of 7.3 per cent. alcoholic content, and the beer 1.8 per cent.

[1] The Fourth Amendment forbids only "unreasonable searches." This search without warrant, but with Williams' consent, was not unreasonable. The case is not like Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654. Here, unlike there, is no coercion. That three officers, without menace or threats, expressed desire to search, is not duress or coercion, express or implied. Nothing indicated the officers would search without consent and with violence, and the presumption is they would not.

This request made and granted, and search had, no more infringe the Fourth Amendment than do a jailor's questions, put to and answered by an accused in jail, infringe the Fifth. See Bram v. U. S., 168 U. S. 558, 18 Sup. Ct. 183, 42 L. Ed. 568; U. S. v. Lydecker (D. C.) 275 Fed. 978. Hence, the consent of Williams, no "modest and retiring violet," nor "startled and timid deer," but an unlawful manufacturer of illicit liquors and a full-grown man, was free and voluntary. The Fourth and Fifth Amendments have become favorites of violators of the National Prohibition Act, but this warrants no strained construction.

[2] So far as Dixon is concerned, no property of his or in his possession was seized; none of his rights invaded in any event; so the evidence is competent against him. Lusco v. U. S. (C. C. A.) 287 Fed. 69. Nuisance proven, and abatement ordered against him, the decree would operate against his tenant, Williams, by reason of the relation between them, even though the evidence was incompetent against the latter. As owner and lessor of the premises, a ranch and brewery, Dixon may be presumed to know to what his tenant was devoting them.

Moreover, every person owes a duty to society to exercise reasonable diligence, to the end that his property does not work injury to others. Dixon failed. He rents his ranch and brewery to his former brewer, and nothing appears that he at any time took note of any of his tenant's activities. The nuisance is proven, as the court finds, and the usual order of abatement and injunction for one year is issued, provided, that defendants may use the premises for any lawful business upon bond in amount $500, and payment of costs.

Decree accordingly.