### PEOPLE *v.* WILLIAMS.

1. LICENSES—OWNER NOT EXCLUDED.

   A mere license to go upon premises for a certain purpose is not exclusive of the owner.[1]

2. ARREST—INTOXICATING LIQUORS—COMMITTING FELONY IN PRESENCE OF OFFICER—SEARCHES AND SEIZURES.

   Where the sheriff, visiting premises at the invitation of the owners, found defendant, a mere licensee, operating a still, it was the sheriff's duty to arrest defendant and seize the outfit, although he had no search warrant, since he was lawfully on the premises and there observed defendant committing a felony in his presence.[2]

Exceptions before judgment from Barry; McPeek (Russell R.), J. Submitted January 14, 1926. (Docket No. 138.) Decided April 14, 1926.

Andrew Williams was convicted of violating the liquor law. Affirmed.

---

[1]Licenses, 37 C. J. § 183; [2]Arrest, 5 C. J. § 28; Intoxicating Liquors, 33 C. J. § 376.

*John M. Gould,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Kim Sigler,* Prosecuting Attorney, for the people.

CLARK, J.    The sheriff, at the owners' request, and without warrant, searched their premises, a small farm, on which there was a dwelling, then vacant, and an outbuilding, sometime used as a slaughter house.    Defendant, aided by his son, was found operating a still in the slaughter house.    A quantity of mash was found in the dwelling.    The sheriff seized the outfit, including a quantity of moonshine whisky, which, at the trial, was received in evidence over defendant's objection, and against his motion to suppress and to discharge, timely made.

On exceptions before sentence, defendant presents the substance of his objection, that the search and seizure were unlawful because made without a search warrant.    The owners testified that they had not given defendant permission to go and to be upon the land.    But defendant had testimony that the owners had given him permission to go upon the land and to do what he did do, and he contends that he had a right in the premises which the sheriff might not invade without warrant.    If defendant's testimony be given full credit, he was a mere licensee, he had a mere privilege to go upon the premises for a certain purpose.    The license was not exclusive of the owners. 37 C. J. pp. 284-287.    They might go upon the premises and into the buildings at any time.    And they might invite another to go.    They invited the sheriff.    He was lawfully on the premises, in the dwelling, in the slaughter house.    And being there he observed defendant committing a felony in his presence.    It was the sheriff's duty then to arrest the defendant and to seize the outfit, which he did.    24

R. C. L. p. 723; *People* v. *Chomis,* 223 Mich. 289; *People* v. *Woodward,* 220 Mich. 511.

Other questions do not require discussion.

Affirmed, and judgment advised.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.