JOHN L. HALL V. THE STATE.

No. 11767.   Delivered May 16, 1928.

1.—Possessing Intoxicating Liquor—Affidavit for Search Warrant—Information and Belief—Insufficient.

Where an affidavit for a warrant to search appellant's premises was not based upon any fact, circumstance or detailed information in support of the belief of affiants, rendered the affidavit insufficient, and the magistrate was unauthorized to issue the search warrant. See Stevenson v. State, 2 S. W. (2d) 453.

2.—Same—Search Without Warrant—Unlawful.

Where appellant's premises were entered without a lawful search warrant, and none of the liquor found in appellant's house was seen by the officers until after they had entered his premises, the search was not lawful. If, without unlawful acts on their part, intoxicating liquor came to their view in a manner that made it apparent that a felony was being committed in their presence by appellant, the arrest and contemporaneous search of his residence would have been sanctioned. See Stevenson v. State, supra, and authorities cited.

Appeal from the District Court of Swisher County.   Tried below before the Hon. Charles Clement, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for three years.

Armed with a purported search warrant officers searched appellant's residence and found therein more than a quart of intoxicating liquor.   The affidavit upon which the search warrant was based was made upon information and belief.   No fact, circumstance or information upon which the belief of the

affiants was predicated was stated in the affidavit. Appellant interposed proper objection to the testimony of the officers touching the result of the search. The learned trial judge held that the search warrant was invalid, but admitted the testimony of the officers under the provisions of Art. 212, C. C. P., which sanctions the arrest without warrant of one committing a felony in the presence or within the view of an officer.

The trial judge was correct in holding that the search warrant was invalid. The omission to state in the affidavit upon which the warrant was based any fact, circumstance or detailed information in support of the belief of the affiants rendered the affidavit insufficient and the magistrate was unauthorized to issue the search warrant. Steverson v. State, 2 S. W. (2nd Ed.) 453.

The officers were on appellant's premises under a warrant which clothed them with no authority. They testified that before entering the gate they saw a man on the gallery with two beer bottles. They saw no one in the house until they had entered upon appellant's premises. None of the liquor which was found in appellant's house was seen by the officers until they had entered upon his premises. They did not know that there was intoxicating liquor in the house until the search was made. As we understand the record, the liquor afterwards recovered by the officers was not in their "view" until they entered the house. If, without unlawful acts on their part, intoxicating liquor came to their view in a manner that made it apparent that a felony was being committed in their presence by appellant, the arrest of appellant and contemporaneous search of his residence would have been sanctioned. Steverson v. State, supra, and authorities cited. However, we do not understand that the facts of the present case bring it within the principle announced by the authorities cited. It follows that the testimony of the officers was inadmissible under the provisions of Art. 727a, C. C. P.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.