## HAHN v. THE STATE OF OHIO.

(Decided November 17, 1930.)

*Mr. Walter K. Sibbald,* for plaintiff in error.
*Mr. Nelson Schwab,* prosecuting attorney, *Mr. Dudley Outcalt* and *Mr. Simon Leis,* for defendant in error.

HAMILTON, J. Plaintiff in error, James Leroy Hahn, was found guilty of murder in the second degree. The trial court sentenced Hahn, and from that judgment he prosecutes error to this court.

Several specifications of error are presented in the petition in error, among which is the claim that the facts do not show Hahn to be guilty beyond a reasonable doubt. This raises the question of the weight of the evidence.

While the bill of exceptions presents some peculiar facts, there are sufficient facts disclosed to justify the jury in rendering the verdict it did, and we therefore do not feel justified in reversing the judgment on the weight of the evidence.

It appears from the record that before the jury was impaneled Hahn moved the court to require the sheriff and prosecuting attorney to return him certain property, to be used as evidence, which the sheriff and prosecuting attorney had seized at or about the time of his arrest. The motion was overruled, and this it is claimed was error.

The record discloses that the property seized consisted of certain parts of the automobile in which it is claimed by the state the murdered man was conveyed to a certain creek. It is shown the automobile did not belong to Hahn, and all it was claimed for Hahn was that he used the automobile for his own service. The automobile belonged to Hahn's father. The record discloses that neither the sheriff nor the prosecuting attorney went on the premises and seized the articles without permission from the owner when the property was taken. It was procured upon a search by the officers with the consent of the owner of the premises. Certainly Hahn would

not have the right to demand the return to him of articles which he did not own, and which were not at the time in his possession. This proposition is supported by the case of *Rosanski* v. *State*, 106 Ohio St., 442, 140 N. E., 370. There was no error in overruling the motion for the return of the property taken.

It is further claimed as a specification of error that the court erred in overruling a challenge for cause of a juror who had sat in the trial of a criminal case within three weeks preceding the trial of plaintiff in error. The question is brought into the record as follows:

"Counsel for defense requested permission to excuse, on challenge for cause, certain jurors who had served in criminal work during the past three weeks. Overruled and exception noted."

"Mr. Sibbald: I will ask that Mr. Johnty be excused. He has served on a criminal jury within the last three weeks."

The record does not disclose any examination of Johnty on the *voir dire*. All the record shows is the statement of counsel. Following a colloquy between the court and counsel, the challenge for cause was overruled.

The statute on this question is found in Section 13443-8, paragraph 9, General Code (113 Ohio Laws, 184), which provides for a challenge for cause on the ground:

"That he has served on a petit jury in the trial of criminal cases during a period of three weeks next preceding said trial, or a like period at the next preceding term of said court."

In determining the meaning of this section, we

stress the clause "that he has served on a petit jury in the trial of criminal cases during a period of three weeks * * *." Undoubtedly, as is suggested, the Legislature intended by this section to give the defendant in criminal cases the right of a trial by jurors who had not been sitting in criminal cases, and that the jury should be free from any such hardening influences. Whatever the intention of the Legislature was, the language is "served on a petit jury in the trial of criminal cases * * *." For the plaintiff in error to bring himself within the saving provisions of this statute, the record will have to show that the juror challenged had served on a petit jury in the trial of criminal cases during the period of three weeks next preceding said trial. The record here shows no such situation. All the record shows, as herein quoted, is that certain jurors had served in criminal work during the past three weeks, and the challenge of Mr. Johnty to the effect that he had served on a criminal jury within the last three weeks. There is nothing to show what criminal work the jurors had been engaged in, or who the jurors were.

The second proposition only challenges on the ground that Johnty had served on a criminal jury. This does not challenge on the ground that Johnty had served in the trial of criminal cases. He may have only served in one criminal case in so far as the challenge indicates. This is not sufficient under the statute.

We are of opinion that the fair construction of the statute is that if a juror has served in more than one criminal case within the three weeks next preceding the trial he is subject to challenge under this statute, but that service as such juror in one criminal case

during the period would not make him subject to challenge. We must give the word "cases" its ordinary meaning in order to give effect to the statute, and since it is used in the plural it is not ambiguous, and admits of no other construction than the ordinary meaning.

We therefore find no error in overruling the challenge for cause.

Misconduct of the prosecutors in the trial of the case is next argued as a specification of error.

The misconduct claimed is in the asking of two questions of Sheriff Anderson by the assistant prosecutor. The second question was a repetition of the first in another form. The questions were incompetent. Objection to the one first asked was made and sustained. After the repetition in a different form, the court said to the jury:

"You are to disregard the last question which was asked of Sheriff Anderson by the assistant prosecuting attorney and disabuse your minds and divorce your minds of any consideration thereof. Any reference to an alleged conversation with the mother of the defendant which was embodied in that question, if you so heard it, you must forget and disregard in the condition of this case."

It is argued that this admonition of the court does not remove the damage; that the question was before the jury and prejudice resulted, notwithstanding the admonition of the court.

We do not care to pass this question without registering our disapproval of the conduct of the prosecutor. The question in the first instance was plainly inadmissible and improper; the assistant prosecutor must have known it to be such, and its repetition in

another form must be seriously criticised. This undoubtedly called for the strong admonition of the trial court to the jury on the proposition, but in view of the Supreme Court decision in the case of *State* v. *Auerbach,* 108 Ohio St., 96, 140 N. E., 507, we must hold that the admonition of the court was sufficient to remove any prejudice, and that no reversible error intervened.

Some complaint is made of misconduct on the part of the prosecuting attorney in the argument of the case to the jury. In view of the fact that the trial court properly admonished the jury, what we have said with reference to the questions propounded to the sheriff, complained against, will apply. The *Auerbach case* is in point.

Some question of error is suggested with reference to the charge of the court at the close of the general charge upon the request of counsel for the defendant, bearing upon the effect of lack of motive. The court did, upon the suggestion of Mr. Sibbald, of counsel, make further comment on the question of motive—as to the consideration to be given it by the jury—in addition to what it had already said in the general charge.

Motive is not an element of the crime of homicide, and in such case it was not necessary to establish motive to warrant the conviction. Neither does the lack of motive in such cases establish innocence.

The court in substance charged the jury that it might consider motive, not as an element of the crime, but as bearing on the guilt or innocence of the defendant. We think this was sufficient, and no error intervened.

We find no prejudicial error in the record, and the

judgment of the court of common pleas of Hamilton county is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.