GILBERT NAGEL v. THE STATE.

No. 16796. Delivered May 9, 1934.

The opinion states the case.

*D. A. McAskill* and *Dave Watson,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, five years in the penitentiary.

We deem it needless to set out in detail the testimony, which sufficiently shows theft of automobile casings of value enough to make same a felony, and the receipt and concealment of same by appellant with knowledge that same had been so stolen.

Appellant brings forward five bills of exception, each based on the action of the trial court in admitting in evidence testimony as to the result of a search by officers of a house at 610 Delmar street, San Antonio. We find no testimony supporting the claim that the house in question was in possession or control of appellant. Same belonged to Mr. Hardy, and was part of premises occupied and used as a residence by Mr. Hardy and his wife, and also by Hardy, Jr., and his wife. Young Hardy testified that he alone gave appellant permission to put the casings in said house for a day or two; that appellant told him he had a place to which he would remove them. He further testified that appellant asked if he might put a lock on the house, apparently fearing theft of the casings, and that he told appellant he had no objection to this. The court below told the jury in his charge that Hardy, Jr. was an accomplice. Appellant did not testify or offer other proof of any right of possession or control

of said house. Authorities too numerous to mention and which need not be set out, hold that one who has no right of ownership, general or special, and no right of possession or control, can not oppose the introduction of testimony of a search of such house or premises. The record shows that Hardy, Jr. gave his permission to the entry and search of said house. None of the bills mentioned is deemed to present error.

We think it worth while to notice but one other point raised. Appellant excepted to the failure of the court to instruct the jury that Hardy, Sr., and one Gonzales,—both of whom testified for the State,—were accomplices. We have carefully examined and analyzed the testimony of each in the light of and together with all the other facts of the case, and are of opinion that any claim that either of said parties was shown to have been criminally connected with the transaction to any extent, is without support.

While the premises belonged to Hardy, Sr., who was a man nearly seventy years old, still same were also occupied by his son, a man of about thirty-five, and the wife of the latter, both families living together, and apparently having so done for a number of years. Nothing suggests that Hardy, Sr., gave his consent to appellant's putting the casings in the little house mentioned. He did not know that same were there until after same were put in said house. The first time he saw appellant after he found out the casings were there, he asked appellant if they were his and was assured that they were, and that appellant had a bill of sale and an invoice to same, and that appellant would bring them with him the next time he came. Mr. Hardy did not see appellant again until after his arrest. The casings were found and removed the third day,—as we understand it,— after they were brought to the place. This would not make Hardy, Sr., an accomplice. As to Gonzales, he was a Mexican laborer, who was approached by appellant, as he said, about 7 o'clock in the morning. Appellant asked if he wanted work, and,—to his credit,—Gonzales said he did. Appellant asked if he knew some one with a truck, and Gonzales went and got one Rodriguez, who had a truck. Together the two Mexicans went with appellant to a house where he had a number of casings, which he had them to load on the truck and take out to 610 Delmar Street, appellant going before and showing them the way to the Hardy home. Here they unloaded the casings. Not a word to Gonzales, or an answer by him, or from any other witness, suggests knowledge, or even suspicion, on the part of the Mexican, who testified that he was paid thirty-five cents for

his work, of the fact that he was moving stolen property. He was not shown to be an accomplice, and we see nothing in the action of the trial court in not submitting the law of accomplices as related to these two witnesses. In order to raise the question of the complicity of a witness there must be some testimony of his criminal connection with the transaction. Newton v. State, 91 Texas Crim. Rep., 335; Plachy v. State, 91 Texas Crim. Rep., 405. Mr. Branch cites many authorities in section 702 of his Annotated P. C. supporting the proposition stated. Among them are Robbins v. State, 33 Texas Crim. Rep., 573; Schwartz v. State, 38 Texas Crim. Rep., 26; Smith v. State, 36 Texas Crim. Rep., 442, each on its facts illustrative of the proposition that mere association with one who is engaged in a criminal enterprise, without some knowledge or community of purpose or interest,—will not be sufficient to require a charge on the complicity of such person so engaged in the transaction. We are aware of the fact that each case must be ruled upon its own facts.

Finding no error in the record, the judgment will be affirmed.