JOE LEE V. THE STATE.

No. 21079. Delivered May 22, 1940.
Rehearing Denied October 16, 1940.
Appellant's Request for Leave to File Second Motion for
Rehearing Denied (Without Written Opinion) October 23, 1940.

The opinion states the case.

*Nossaman & Baker*, of Sherman, for appellant:

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for knowingly permitting a gaming device, commonly known as a a slot machine, to remain in his possession and on his premises under his control to be used for gaming purposes, etc. His punishment was assessed at confinement in the county jail for a period of thirty days.

Appellant was prosecuted under Art. 630, P. C., which reads as follows: "If any person shall knowingly permit any gaming paraphernalia, table, or device or equipment of a gaming house, of any character whatever to remain in his possession or on premises under his control or of which he is owner and to be used for gaming purposes, he shall be imprisoned in jail not less than thirty days nor more than one year."

For the first time in this court appellant challenges the constitutionality of the law under which he was prosecuted and convicted on the ground that the word "premises" is too indefinite and uncertain to make it operative as a penal statute, and cites us to the case of Smith v. State, 268 S. W. 742. The prosecution in that case was based on the Tick Eradication Law.

This court, in passing on that statute, among other things, said: "The word 'premises' has many varied meanings and is governed largely by the setting and sense of the context when used, but there is no fixed legal significance attached to it that would make it mean in all cases a house or a lot; a farm or a pasture, or a given quantity of land. * * * This might mean that the owner of cattle could not move them from his cow lot across the fence to his pasture, or from one of his pastures across a road or fence to another, etc."

It will be noted that in that case it is said that the meaning of the word "premises" is governed largely by the setting and sense of the context, and we think that pronouncement is correct. Therefore, we would not be justified to separate and isolate the word from the context in an endeavor to ascertain the legislative intent in the use and meaning of the word in the statute. It is obvious that the word "premises" in Art. 630, P. C., has a more restricted meaning than in the Tick Eradication Law. However, the statute under consideration makes it a penal offense for any person to knowingly permit any gaming device or equipment of a gaming house to remain in his possession or on his premises under his control of which he is the owner and to be used for gaming purposes. It will be noted that under the article of the statute in question, one who has a gaming device or equipment in his possession to be used for gaming purposes would be guilty whether he had it on the premises of his own or under his control or not. This statute, as we construe it, may be violated in three ways: First, by knowingly permitting a gaming device or equipment of a gaming house to remain in one's possession to be used for gaming purposes; second, by knowingly permitting a gaming device to remain on premises under his control to be used for gaming purposes; and third, by knowingly permitting a gaming device to remain on premises of which he is the owner to be used for gaming purposes. Therefore, if it should be conceded, which we do not do, that the word "premises" in this statute is too indefinite and uncertain in its meaning, it would not destroy and nullify the entire statute. In other words, if we would strike down the statute relating to premises under his control or in his possession, it would still leave the balance of the statute in force and effect.

Appellant next contends that the statute is inoperative on the ground that Art. 628, P. C., defines a like offense as that defined in Art. 630, P. C., but prescribes a different penalty. Upon a careful examination of both articles mentioned, we are forced to a different conclusion. They do not denounce the same acts as an offense.

Appellant complains of the action of the court in permitting the State to prove by F. O. Mangrum and Joe D. Hall, two deputy sheriffs of Grayson County, that on the night of March 30, 1939, they went to the appellant's beer tavern located in the town of Bells in said county; that when they drove up and parked their car they noticed a slot machine being played and operated in the warehouse of appellant's place of business. They entered the same, saw three men about the machine and saw one of them place a nickel therein and turn the lever. Thereupon, they took charge of the machine and carried it to the sheriff's office, where it was kept until the trial of this case when it was offered in evidence. Appellant based his objection thereto on the ground that the evidence was immaterial, irrelevant and incompetent because the officers went into the appellant's place of business without a warrant, searched the premises and seized his slot machine. Appellant owned and operated a beer tavern, a public place, which was an implied invitation to the public generally to come therein. Hence, they were not illegally on appellant's premises. They were invitees. They saw the machine in operation before they entered appellant's place of business, and they also saw it in operation after they had entered it.

Under Art. 212, C. C. P., a peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace. In the instant case, we think appellant could have been prosecuted under Art. 619, P. C., because he kept a slot machine for the purpose of gaming, a felony. Consequently, this evidence was legally obtained and admissible notwithstanding the State saw proper to prosecute him for a misdemeanor. Therefore, when the officers saw it in operation they had a legal right, without a warrant, to arrest appellant and take charge of the gambling device. Hence, the gaming machine was not improperly admitted in evidence.

Appellant complains of the following remark made by the Assistant District Attorney: "The State has proved that Joe Lee had this slot machine on his premises and nobody denies it."

If said remark was in fact made, appellant made no objection thereto at the time. He raised the question for the first time in his motion for a new trial. It is our candid opinion that appellant waived his right under the law. A person charged with crime may waive any legal right except a trial by jury in felony cases and he can even waive that except in capital cases.

See McMillan v. State, 57 S. W. (2d) 125. However, the evidence shows that there were at least three persons playing the slot machine when the officers walked in and who were present when the officers took possession of the machine and carried it away. Therefore, if the remark was made and an objection promptly interposed, it would not have been of any avail to appellant, since there were others present who might have been called to deny it.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.
After carefully re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.