# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann
AUSTIN 11, TEXAS


Honorable Dwight Whitwell
Criminal District Attorney
Collin County
McKinney, Texas

Opinion No. 0-5068

Re: Under the facts submitted, does giving the free music as a prize constitute both the marble machine and the music box a gaming table or gaming device?

Dear Sir:

      This will be in reference to your letter requesting the opinion of this department on the above stated question and other related matters. With reference to the facts submitted, we quote as follows from your letter:

      "We have several persons who own a varying quantity of marble tables which they have placed in numerous places of business over this county. Along with each marble table is also placed a phonograph or music box containing automatic record players in which can be dropped a nickel and the customer may select the particular tune he desires to hear. The marble tables themselves do not pay off anything in money or prizes but most of the marble tables are connected to the music boxes by an electric cord so that when a player places a nickel in the marble machine and plays a game of marbles and hits a certain required score a record in the music box automatically begins playing. If the player so desires he may push a button on the music box before he begins playing the marble game and thereby select a particular piece of music he desires to hear in the event he strikes the required score on the marble table. There is no other prize or pay-off on the marble tables."

      Based upon the foregoing statement of facts, you have posed several questions. For the first one, we quote from your letter as follows:

      "Question No. 1. Does this combination in giving the free music as a prize constitute both the marble table and the music box a gaming table or gaming device?"

      Article 619, Vernon's Annotated Penal Code, deals with the offense of keeping or exhibiting gaming tables, banks, and other devices used or exhibited for gambling purposes, and in part provides:

>    "Any such table, bank, wheel, machine, or device
> shall be considered as used for gambling, if money
> or any thing of value is bet thereon."

The Texas courts have held that "a thing of value" referred to in the above article, includes, among other things, free games won on marble tables, State v. Langford, 144 S.W. (2d) 448, Broaddus v. State, 141 Tex. Cr. R. 512, 150 S.W. (2d) 247, Hightower v. State, 156 S.W. (2d) 327, writ of error refused; tokens won on a machine good for trade-in on merchandise, Mills v. Browning, 59 S.W. (2d) 291, Moore v. State, 91 S.W. (2d) 447; and money won on a machine, Houghton v. Fox, 93 S.W. (2d) 781. A selection of music won on a marble table would likewise constitute a "thing of value" within the statute and hence the marble machine would be considered as used for gambling

The following is a quotation from the case of Mihovil v. State, 118 S.W. (2d) 615, as to what the court considered as constituting "gaming equipment":

>    "...; the evidence offered was sufficient to
> sustain findings to the effect that the property the
> sheriff seized at the location given belonged to the
> appellant and was being then and there used by him in
> connection with a bookmaking shop with reference to
> horse racing; that the blackboards referred to were
> likewise being used by him to write the results of
> the races upon; and that the loud speakers, which were
> connected with a radio, were also being used by him
> for the purpose of announcing the results of the
> horse races to many persons assembled for the purpose
> at that place, who had tickets showing that a bet had
> been made on such horse races; in other words, the
> appellant had been using his place there for the pur-
> pose of promoting betting on horse races by means of
> pool selling, and in connection therewith and in fur-
> therance thereof, he had been so using the seized
> property."

The court took the view that since betting on horse races through pool selling was gambling. the property used in connection therewith constituted "gaming equipment."

Since it is the opinion of this department that the circumstances surrounding the playing of the marble machine under discussion is gambling, the phonograph or music box used in connection therewith, as a part thereof. and in the furtherance of playing the machine constitutes "gaming equipment" condemnable under the statute.

For your next question, we again quote from your letter:

"Question No. 2. Since these machines are displayed in public places such as restaurants and sandwich stands and so forth, where the general public is invited, can an officer go into these places and seize these machines without the necessity of first securing a search warrant?"

The court in the case of Moore v. State, 91 S.W. (2d) 447, said the following with reference to searching and seizing gaming equipment at public places:

"The Constitution and statutes do not prohibit every character of search and seizure without a warrant, but prohibit unreasonable searches and seizures. These machines were operated for gaming purposes in public places to which the entire public, including the sheriff and his officers, had access. He had actually seen parties gambling on at least a part of the machines involved. There was no unlawful entry to make the seizures. The court passed on probable cause, and, in our opinion, under the facts, were authorized to find that the defendant in this case acted on probable cause."

Also to the same effect are Baker v. State, 131 Tex. Cr. R. 626, 101 S.W. (2d) 816, Judge Looney's opinion in Hightower v. State, supra, Lee v. State, 140 Tex. Cr. R. 155, 143 S.W. (2d) 389.

It is the opinion of this department, under the facts as submitted, that if the officer had sufficient probable cause that the equipment was being used for gambling, a seizure of the equipment could be made without first securing a search warrant.

For the third question, we quote from your letter:

"Question No. 3. Would the fact that the officer finds the marble table connected to the music box by an electric cord be sufficient evidence upon which to secure a confiscation order or would it be necessary for the officer to play the marble table and actually secure a piece of music free, or, of course, to see somebody else do this?"

The court in the case of Hightower v. State, supra, had the following to say with reference to the evidence necessary to secure an order of the confiscation of so-called gaming equipment:

"...The statute does not expressly classify marble boards, or like devices, as inherently

offensive; hence the question of illegality must hinge upon the nature of their actual use. 'A slot machine, it has been said, is not per se a gambling device, since it may be used or played upon for innocent purposes; and the courts cannot, therefore, take judicial notice that every slot machine is a gambling device, since the use to which it has been put must determine its character.' 24 Amer. Jur. 835, supra. 'A gaming table is not determined by its structure, but of the purpose for which it is exhibited'; Houghton v. Fox, Tex. Civ. App. 93 S.W. (2d) 781, 782; and in all annotations under An. 619, Vernon's P.C. Vol. 1, p. 566, where this phase of the statute has been considered, it is uniformly stated that 'Whether or not the table was designed for gaming purposes is immaterial . . . it is the game or character of play on it that determines its status.' It would follow, therefore, that the marble machines of the 'non-pay-off' variety, as to which no evidence is adduced of their being used for gaming purposes at the time of seizure, are not gaming devices within the inhibition of the above statute; for, no matter what the structure of these particular boards may be, whether games of chance or of skill, they are not to be classed ipso facto as gambling devices, so long as not used for gambling purposes; i.e., where no money or thing of value is bet thereon. An entirely different situation would exist if, by mechanical adjustment, the machines were made to pay off; or if an understanding be had with the proprietor 'over the counter' to the same effect; or in case of knowledge and acquiescence by the machine keeper to a wagering by players upon resulting scores. The machines would then become gambling devices per se, placing the defendants factually within the purview of Houghton v. Fox, supra; but such evidence is wholly absent from this record."

In Callison v. State, 146 S.W. (2d) 468, the court held that in order to condemn property that might be used for gaming and authorize its destruction, it must be shown that such property was designed for gaming and was, at the time of seizure, being used for gaming.

Therefore, it is the opinion of this department that merely finding the music box connected to the marble machine would not be sufficient evidence to secure a confiscation order. That before such an order could be secured there must be some evidence, whether offered by the peace officer from his observation or knowledge, or offered by others from their observation or knowledge, that by a mechanical adjustment between the music box and marble table, the latter would "pay off" in the nature of musical selections emanating from the music box.

For your last question, we again quote from your letter:

"Question No. 4. Under Article 4667 of the Civil Statutes will an Injunction Suit on the part of the State to enjoin the continued operation of these devices be properly brought under said Article of the Statutes?"

Article 4667, Vernon's Annotated Civil Statutes of Texas, provides in part as follows:

"The habitual use, actual, threatened or contemplated, of any premises, place or building, or part thereof, for any of the following uses shall be enjoined at the suit of either the state or any citizen thereof:

"1. For gaming or keeping or exhibiting games prohibited by law.

". . .

"Any person who may use or be about to use, or who may aid or abet another in the use of any such premises for any purpose mentioned in this article may be made a party defendant in such suit. . . ."

As we construe this article, the using of the premises for the purpose of operating the machines under discussion could be enjoined and the owner of the devices could be made a party defendant. However, it is our opinion that under this article an injunction would not lie merely to enjoin the owner of such devices from operating them in the future at any and all places. In other words, the owner of the premises could be enjoined from using particular or certain described premises to operate gaming devices and the owner of the machines could be made a party thereto, but that under this statute, the owner of the machines alone could not be enjoined from continually operating them.

ROK:db:hp

APPROVED JUN 24, 1943

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee
 By /s/ BWB
       Chairman

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Fred C. Chandler
       Fred C. Chandler
                Assistant

By /s/ Robert O. Koch
       Robert O. Koch