## STATE v. NED MOORE.

(Filed 13 October, 1954.)

**1. Searches and Seizures § 1—**

Where officers are lawfully on the premises of defendant, and defendant consents to a search of the premises by them, such consent dispenses with the necessity of a search warrant, and evidence obtained by such search is competent. G.S. 15-27.

**2. Same: Criminal Law § 43—**

Where defendant upon the trial objects to the admission of evidence obtained without a search warrant, and the court upon the *voir dire* finds upon conflicting evidence that defendant consented to the search of his premises by the officers without a warrant, the finding of the court, supported by evidence, is conclusive, and the evidence obtained by the search is competent.

APPEAL by defendant from *Bone, J.,* February Term, 1954, of BERTIE.

The defendant was convicted in the Recorder's Court of Bertie County upon a warrant charging him (1) with having in his possession a quantity of nontax-paid liquor, and (2) with having in his possession a quantity of intoxicating liquor for the purpose of sale. From the judgment imposed he appealed to the Superior Court where he was tried *de novo* upon

the warrant. The jury returned a verdict of guilty on the first count, and not guilty on the second count. The court pronounced judgment and the defendant appeals therefrom, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Love, and Gerald F. White, Member of Staff, for the State.*

*Jones, Jones & Jones and John R. Jenkins, Jr., for defendant, appellant.*

DENNY, J. It is disclosed by the State's evidence that on 5 January, 1954, the Sheriff of Bertie County, with one of his deputies and an agent of the State Bureau of Investigation, went to the home and place of business of the defendant, both of which are in the same building, for the purpose of looking for a large quantity of cigarettes, a watch, and a jacket, which had been stolen from Northcutt's store in Trap, North Carolina, the night before. The defendant's house is a one-story wooden building. The front room of the house is approximately 15 or 16 feet long and 12 feet wide. There was a piccolo in the room and the room was being used as a dance hall and for the sale of canned goods, cigarettes and soft drinks. There is a hall or bedroom between the front room and the kitchen. The officers, after informing the defendant about the theft at Northcutt's store, requested permission to look around the premises of the defendant for the stolen goods. The defendant said, "Go ahead, it is not around here but you are welcome to search." The officers did not have a search warrant.

The agent of the S.B.I. also inquired whether the defendant had a license to sell beer. The defendant said he did not; that he did not sell beer. Whereupon, the agent inquired whether he had any beer in his refrigerator. Defendant replied that he did not but that he was welcome to look.

The deputy sheriff and the agent of the S.B.I. searched the storeroom or dance hall for the stolen goods and then went through an open door into the kitchen where they found on a table just inside the kitchen door a tea kettle full of nontax-paid whiskey. The Sheriff and the defendant were still in the storeroom. The other officers called the Sheriff. The defendant accompanied the Sheriff into the kitchen and got a container for the liquor which the officers seized. After the liquor was discovered in the kitchen, the defendant was asked about a key to his barn. He delivered the key to the barn and the officers searched it but found no additional liquor. The defendant at no time objected to the search of his premises or any part thereof.

In the trial below, the defendant promptly objected and moved to strike the evidence with respect to the liquor found in his kitchen on the ground

that since the officers did not have a search warrant, G.S. 15-27 made such evidence incompetent.

The pertinent part of the above statute reads as follows: "Provided, no facts discovered or evidence obtained without a legal search warrant in the course of any search, made under conditions requiring the issuance of a search warrant, shall be competent as evidence in the trial of any action."

The first question posed is whether a search warrant was required to search the premises of the defendant if he consented to the search. The answer is no. It is generally held that the owner or occupant of premises, or the one in charge thereof, may consent to a search of such premises and such consent will render competent evidence thus obtained. Consent to the search dispenses with the necessity of a search warrant altogether. *S. v. Fowler,* 172 N.C. 905, 90 S.E. 408; *United States v. Williams,* 295 F. 219; *Cutting v. United States,* 169 F. 2d 951; *Calhoun v. United States,* 172 F. 2d 457; *Tomlinson v. State,* 129 Fla. 658, 176 So. 543; *State v. Hagan,* 47 Idaho 315, 274 P. 628; *People v. Swift,* 319 Ill. 359, 150 N.E. 263; *Shade v. State,* 196 Ind. 665, 149 N.E. 348; *Gray v. Commonwealth,* 198 Ky. 610, 249 S.W. 769; *Morris v. Commonwealth,* 306 Ky. 349, 208 S.W. 2d 58; *Hahn v. State,* 38 Ohio 461, 176 N.E. 164; *Dyer v. State,* 61 Okla. Crim. 202, 66 P. 2d 1104; *Camp v. State,* 70 Okla. Crim. 68, 104 P. 2d 572; *Nagel v. State,* 126 Tex. Crim. 265, 71 S.W. 2d 285; *State v. Montgomery,* 94 W. Va. 153, 117 S.E. 870; 79 C.J.S., Searches and Seizures, section 62 (a), page 816, *et seq.,* citing numerous authorities. "Where an officer is where he has a right to be and becomes a witness to an offense which necessitates acting as such officer, he may make the incidental search and seizure, but where he observes the offense after he has made an unlawful entry a subsequent search and seizure without a warrant may be illegal." 79 C.J.S., Searches and Seizures, section 68 (a), page 845, *et seq.,* citing *Phoenix Cereal Beverage Co., C.C.A.N.Y.,* 58 F. 2d 953; *Elder v. Camp,* 193 Ga. 320, 18 S.E. 2d 622; *Lee v. State,* 140 Tex. Cr. 155, 143 S.W. 2d 389; *Custer v. State,* 117 Tex. Cr. 164, 36 S.W. 2d 504; *State v. Hoffman,* 245 Wisc. 367, 14 N.W. 2d 146. See also *Hart v. Commonwealth,* 198 Ky. 844, 250 S.W. 108; *Traylor v. State,* 111 Tex. Cr. 58, 11 S.W. 2d 318; *State v. Vandetta,* 108 W. Va. 277, 150 S.E. 736.

The second question is whether the defendant consented for the officers to search his premises, including his kitchen. When the defendant objected to the admission of any evidence with respect to the liquor found in his kitchen, on the ground that such evidence was not competent, having been obtained without a search warrant, a preliminary question of fact was raised for the determination of the trial judge.

The court, in the absence of the jury, heard the testimony of the State's witnesses and that of the defendant as to whether the search of the defendant's premises was made with his consent. There was a conflict in the testimony. However, the court found as a fact that the defendant, at the request of the officers, voluntarily gave them permission to search his premises for stolen goods and that the officers, pursuant to such consent, proceeded to make a search of the defendant's premises in the course of which they discovered a tea kettle full of nontax-paid whiskey.

Upon the foregoing findings of fact the court held that the testimony offered by the State, with respect to the discovery of the nontax-paid whiskey, was competent and overruled the objection of the defendant to its admission and his motion to strike such evidence.

The ruling of a trial judge on a *voir dire,* as to the competency or incompetency of evidence, will not be disturbed if supported by any competent evidence. *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104; *S. v. Manning,* 221 N.C. 70, 18 S.E. 2d 821; *S. v. Fain,* 216 N.C. 157, 4 S.E. 2d 319; *S. v. Moore,* 210 N.C. 686, 188 S.E. 421; *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603; *S. v. Andrew,* 61 N.C. 205. Just as the voluntariness of a confession is the test of admissibility, *S. v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84, so is the consent of the owner or person in charge of one's home or premises essential to a valid search thereof without a search warrant.

The defendant's exceptions present no prejudicial error, and in the trial below we find

No error.