# BOGAN v. STATE.

No. 6646.    Opinion Filed March 14, 1916.

(156 Pac. 233.)

1.  **APPEAL AND ERROR—Jury—Prejudicial Error—Search Warrant—Interpleader—Jury Trial.** Under sections 5 and 6 of article 3, c. 69, Laws 1907-08, as amended by sections 9 and 10 of chapter 70 of the Session Laws of Oklahoma for the year 1911, which sections are set out in full in the body of the opinion, where a party appears and enters an interplea claiming title to the property seized, and further answers that said property was not in any manner kept or possessed with the intention of violating any of the provisions of said act, said party so appearing on demand is entitled to a trial of the issue of facts thus raised by a jury, and **held**, further, that it is prejudicial error for the court to refuse such interpleader the right of trial by jury.

2.  **INTOXICATING LIQUORS—Search Warrant—Release of Property.** Where less than one-half gallon of liquor and other property mentioned in said sections is seized without first filing a complaint with the judge or magistrate, it must appear from the return of the officer or in the testimony taken at the hearing provided for in said sections that a violation of the provision of the statutes involved occurred in the presence of the officer making the seizure, and, in the absence of such complaint or showing, the seizure would be without authority of law, and the court without jurisdiction to hold said property.

(Syllabus by Robberts, C.)

*Error from County Court, Kay County;*
*Claude Duval, Judge.*

Proceedings by the State against W. D. Bogan, Lot 6, Block 49, Hartman.    Judgment for the State, and defendant brings error.    Reversed.

*W. B. Clark* and *B. C. Wieck,* for plaintiff in error.

*Felix C. Duvall,* for the State.

Opinion by ROBBERTS, C.    Sections 5 and 6 of article 3, c. 69, Laws 1907-08, as amended by sections 9 and

10 of chapter 70 of the Session Laws of Oklahoma 1911, and section 3617, Rev. Laws 1910, are as follows:

"5.   If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, to whom the complainant may designate, commanding him to search the premises described and designated in such complaint and warrant and to seize all such liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for such illegal manufacture, selling, bartering, giving away or otherwise furnishing of such liquor, and safely keep the same, and to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state.   A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found.

"6.   Upon the return of such warrant, as provided in the next preceding section, the judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within

this state, with the intention of violating any of the provisions of this act. At such hearing any person claiming any interest in any of the property or things seized, may appear and be heard upon filing a written plea of intervention setting forth particularly the character and extent of his claim; but upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute *prima facie* evidence of the contraband character of the property and things seized, and the burden shall rest upon the claimant to show, by competent evidence, his property right or interest in the thing claimed, and that the same was not used in violation of any of the provisions of this act, and was not in any manner kept or possessed with the intention of violating any of the provisions of this act. If, upon such hearing, no person shall appear as a claimant for any of the property and things seized, the judge or magistrate shall thereupon enter judgment of forfeiture in favor of the state without requiring or receiving any other evidence than that contained in the sworn complaint or affidavit upon which the search warrant was issued; if, upon such hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law and judgment shall thereupon be entered accordingly."

"3617. When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a war-

rant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

On the 12th day of January, 1914, the sheriff of Kay county appeared before the county judge of that county and filed the following statement:

"IN THE COUNTY COURT OF KAY COUNTY, STATE OF OKLAHOMA.

"State of Oklahoma, Plaintiff, v. W. D. Bogan, Lot 6, Blk. 49, Hartman, Defendant.
"Officer's Return.

"State of Oklahoma, Kay County—ss.:

"To the Honorable Claude Duval, Judge of the County Court of Kay County, Oklahoma:

"This certifies that on the 3d day of January, A. D. 1914, I seized the following described goods and chattels used in his place of business known as Bogan's Pool Hall, as follows: [Then follows an inventory of the property, consisting of a stock of cigars, tobacco, pipes, pool tables; soda fountain and fixtures; 1 metal water cooler; 2 cash registers; several pieces of glassware; 14 cuspidors; 2 gas stoves; 2 cue racks; 2 sets pool balls; 2 square tables; 1 graphophone; 25 graphophone records; 1 bed and bedding; 1 cigar case; 1 tobacco case; about 25 or 30 chairs; 2 slot machines; 1 rubber cloth; 2 doors; quantity of paper bags; 2 letter files; 2 gaslight fixtures; 1 shotgun with extra barrel and case; 1 telephone; 1 iron bed and springs; several towels; 1 metal letter box; 1 gas meter; 1 electric meter; 1 pint bottle part full whisky; 1 quart bottle part full whisky.]

"Together with the property above described, in the possession of W. D. Bogan, within the city of Ponca City,

Kay county, Oklahoma, which place was being used and conducted for the unlawful purpose of receiving, keeping, bartering, selling, giving away, and otherwise furnishing the above-described liquors to others unlawfully.

"Wherefore I, as sheriff of Kay county, ask that said goods as above described be dealt with according to law.

"Dated this 10th day of January, A. D. 1914.

"HUGH JOHNSTON,
"*Sheriff of Kay County, Okla.*

"State of Oklahoma, Kay County—ss.:

"I, Hugh Johnston, being first duly sworn, upon my oath depose and say that he has read the above return and complaint, knows the contents thereof, and that the statements therein are true.

"HUGH JOHNSTON.

"Subscribed in my presence and sworn to before me this 12th day of January, A. D. 1914.

"[Seal]      CLAUDE DUVAL, *Co. Judge.*"

On the same day the judge of said court issued the following warrant:

"STATE OF OKLAHOMA, TO THE SHERIFF OF KAY COUNTY. OKLAHOMA:

"Whereas, you have returned and filed in said court your return and complaint showing that on the 3d day of January, 1914, you seized one pint bottle partly full of whisky, and one quart bottle partly full of whisky, and other property consisting of tobacco, cigars, cash registers, tables and various other articles, while in the possession of W. D. Bogan, and known as Bogan's Pool Hall, in the city of Ponca City, Kay county, Oklahoma, and alleging that said liquor and property was in a place used and kept and conducted for the unlawful purpose of receiving, bartering, selling, giving away, and otherwise furnishing intoxicating liquors to others unlawfully:

Bogan v. State.

"Now, therefore, this is to command you to retain and keep in your possession all of the property described and mentioned in your said return and complaint until the further order of the court.

"Witness my hand and the seal of said court this 12th day of January, 1914.

"[Seal]     CLAUDE DUVAL, *County Judge.*"

Indorsed as follows:

"Received this writ Jan. 12, 1914, and executed the the same by holding the within-mentioned goods in my possession as herein commanded.

"HUGH JOHNSTON, *Sheriff of Kay County.*"

On the 14th day of January the court fixed the 23d day of the same month, at nine o'clock a. m., for the purpose of determining whether said liquors and property should be forfeited to the state, and to permit any persons claiming the same to appear, if they so desired, and to file a written plea of intervention, and show the character and extent of their claim, as provided in the preceding sections. The hearing was continued to January 29th, at which time W. D. Bogan, designated as defendant below, and plaintiff in error herein, appeared and filed his motion to quash the return of the sheriff above set out, upon the following grounds: (1) That no warrant had been issued for the seizure of said property; (2) no complaint had been filed charging the defendant with the commission of any offense against the laws of the State of Oklahoma; (3) the return of the sheriff does not charge or allege that the property seized was used, or kept for unlawful purposes, or with intent to violate the law.

The motion was overruled, and exceptions saved. Thereupon the defendant entered a demurrer to the re-

turn upon the grounds: (1) That the court had. no jurisdiction to try and determine the case; (2) that the facts stated and alleged in the return are not sufficient to constitute a crime against the laws of the State of Oklahoma, and are not sufficient to constitute a cause of action against this defendant, or to warrant a forfeiture of the property set forth therein. The demurrer was overruled by the court and exceptions saved.

The defendant then. filed plea of intervention as follows:

"Comes now W. D. Bogan, the defendant and claimant, and alleges and avers: That the property herein attempted to be forfeited, excluding and·excepting the two bottles of whisky, are the property of and belong to this defendant, W. D. Bogan, and further states and alleges that the said property, with said above exception, was at no time used or kept for an unlawful purpose, or used in connection·with or for the purpose, of violating any laws of the State of Oklahoma."

When the case was called for trial on the 29th day of January, the defendant demanded a jury, which demand and request was overruled and denied by the court, and exceptions saved. The defendant, still insisting upon his right to trial by jury, refused to proceed to trial before . the court without a jury; whereupon the court, without hearing any evidence in . the case, dismissed the defendant's interplea, and entered judgment of forfeiture of said property, and directed the sheriff to forthwith destroy the following articles:

"One pint bottle partly filled with whisky, and one quart bottle partly·filled with whisky, as well as the contents of such bottles; 1 box of poker chips; 2 slot machines; cider; cigarettes and cigarette papers."

The court further found that the remainder of the property, a small part of which is hereinabove designated, is of value and adapted to lawful use, and ordered the sheriff to turn the same over to the board of county commissioners of Kay county to be sold, and the proceeds thereof paid into the court fund of said county. To all of which the defendant excepted, and brings error.

Two questions are here presented for the consideration of this court:

(1) Was there any showing, ground, or basis for issuing the warrant for the seizure of the property involved?

(2) Was the defendant entitled to a trial by jury?

The first proposition goes directly to the question of jurisdiction. Section 5, *supra*, provides, in substance:

"If it shall be made to appear to any district or county judge or justice of the peace that there is probable cause to believe that liquors are being sold, * * * or otherwise furnished or kept for the purpose of selling, * * * or otherwise furnishing in violation of law, said judge or magistrate shall issue a warrant, directed to any officer of the county whom the complaint may designate."

Section 6 provides that:

"Upon the return of such warrant as provided in the preceding section, the judge shall fix a time for hearing said return."

In this case the warrant, dated January 12, 1914, and directed to the sheriff, shows on its face that the property was seized before the warrant was issued. The language of the warrant is:

"Whereas, you have returned and filed your return and complaint showing that on January 3, 1914, you

seized" the articles named in the return hereinabove set out.

It is plain from the foregoing, as well as from the entire record of the case, that the articles were seized by the sheriff without any complaint or showing, such as the section first above set out requires, and, in fact, before a warrant of any kind was issued. If such complaint or showing was made to the court, it does not appear in the record before this court. It is contended that the seizure may have been made under section 3617, Rev. Laws 1910, which provides that:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, * * * it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court. * * *"

The answer to that is that there is no showing or statement of any kind that a violation of the law occurred in the presence of the officer making the seizure, or of any other officer. While the writer hereof is in favor of strict enforcement of the law involved, the same as all other laws, it is certainly going too far to say that an officer may go into a man's place of business and seize the kind and class of articles named in the return of the sheriff, without any warrant or showing that the laws had been violated in the presence of the officer, as required by the statute. Most of the articles seized were of that class of goods that are not ordinarily, and most of them could not be, used in the sale of intoxicating liquors. The statute involved is highly penal, and under the authorities must be strictly construed. The motion to quash the re-

turn should have been sustained. The court also erred in refusing the defendant the right of trial by a jury. The latter part of section 6, *supra,* provides:

"If, upon such hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law, and judgment shall thereupon be entered accordingly."

In *State ex rel. Caldwell v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964, this court, having under consideration this same question and section of the statute, in the twelfth paragraph of the headnotes use the following language:

"In trials as to property rights under section 6, art. 3, of the enforcing act (Laws 1907-08, p. 605, c. 69), claimants are entitled to the right of trial by jury."

In the body of the opinion the court, speaking through Mr. Justice Williams, says:

"The presumption is that procedure before magistrates or justices of the peace and county and district courts was contemplated; * * * that, if any other than the usual procedure was intended, the Legislature would have so expressly declared, and it does not clearly appear that it was the intention of the Legislature that the regularly prescribed procedure of trial by jury before justices of the peace and county and district courts was to be denied to such claimants, or dispensed with in such cases."

For the reasons above indicated, the judgment should be reversed.

By the Court: It is so ordered.