## STATE v. EDWARD FALGREN.[1]

February 1, 1929.

No. 27,028.

*Alexander Fosmark,* for appellant.

*G. A. Youngquist,* Attorney General, and *James E. Montague,* County Attorney, for the state.

DIBELL, J.

This is a proceeding to abate a nuisance consisting in the keeping of gambling devices on the premises occupied by the defendant in East Grand Forks and keeping therein for sale intoxicating liquors. We need refer only to the gambling devices. The complaint asks that certain slot machines, used for gambling purposes, be condemned and destroyed. The trial resulted in findings condemning the slot machines as gambling devices, enjoining their use, adjudging their destruction so that they could not be used for gambling purposes, and the payment of the proceeds of the sale of the destroyed gambling property, together with the money found in the

[1]Reported in 223 N. W. 455.

machines, into the county treasury. The defendant appeals from the order denying his motion for a new trial.

■ On December 19, 1927, a deputy sheriff of Polk county without a search warrant seized the slot machines in the defendant's place of business and took them into custody. The machines were in the saloon for use at the time. There was money in them which was the proceeds of gambling. The defendant made no objection to their taking. He did not ask about a warrant. The deputy told him he was after the machines. The defendant says that he "went outside the bar and asked him who he was, and he said he was working under sheriff Haaven, and then I says, 'all right.'" On January 4, 1928, the defendant was indicted for keeping gambling devices. On January 12, 1928, he pleaded guilty and was assessed a fine of $100. No disposition was made of the slot machines at the time. The proceeding now before us was soon afterwards commenced by summons and complaint, and the defendant joined issue by answer.

The defendant claims that no jurisdiction was acquired to condemn the slot machines or abate the nuisance because there was no search warrant under which the seizure was made. When taken the slot machines were being kept by the defendant in violation of law for gambling purposes. The defendant was committing a crime in the presence of the officer. See 27 C. J. 1045. This was the crime to which he pleaded guilty. There was a seizure, an opportunity to be heard, and a hearing. See 24 R. C. L. p. 724, § 29.

By G. S. 1923, §§ 10214, 10215, the keeping of a gambling device is an offense punishable by fine or imprisonment or both. By § 10537, et seq. provision is made for the issuance of a search warrant. By § 10540 it is provided in effect that when gambling property seized under a search warrant has served its purpose as evidence it shall be destroyed under the direction of the court so that it may not be used again for gambling.

In our view the defendant is not in a position to defeat a condemnation of the gambling property upon the ground that a search warrant was not used. The intention of the statute is that the

gambling devices, being no longer of use as evidence, shall be destroyed so that they cannot be used again. The court was right in ordering the destruction of the slot machines.

The court directed that the slot machines after their destruction as gambling devices be sold as upon execution and the proceeds turned into the county treasury. There was in the four slot machines the sum of $106.90, the proceeds of gambling. The court directed this sum to be turned into the county treasury.

The purpose of the statute is to destroy gambling devices so that they cannot be used. It is not its purpose to get for the county the proceeds of gambling nor the junk value of the gambling devices. It seeks to stop gambling, not to take for the county money which has been lost at gambling or the value of the gambling devices after they are rendered useless for gambling.

The state adroitly suggests that the money was a part of the gambling devices since the slot machines could be used only with money; and that the money found in them was money used in the slot machines, substantially a part of them, and subject to disposition as a part of the gambling devices. We do not take this view.

We have examined State v. Powell, 170 Minn. 239, 212 N. W. 169, cited by both parties, and see no necessity of commenting upon it.

So far as is apparent the court on motion can correct the error by striking out a portion of the conclusions of law and directing judgment in accordance with the views we have expressed.

Reversed.