### BROWN et al. v. STATE ex rel. HESTER, Co. Atty.

No. 27923.  April 18, 1939.

Rehearing Denied July 11, 1939.

E. E. Glasco, Purman Wilson, and Roy Glasco, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and E. Smith Hester, County Attorney, for defendant in error.

DANNER, J. C. E. Brown and the Texas Wine & Liquor Company, Fort Worth, Tex., referred to hereinafter as interveners, appeal from a judgment of the county court of McClain county entered on the 4th day of December, 1936, forfeiting to the state of Oklahoma 329 cases of wines and liquors of the value of $3,499.64.

In the petition of intervention it is alleged that the liquor seized was an interstate shipment; not possessed by interveners with any intention of violating the liquor laws of the state of Oklahoma.

On the trial interveners made timely demand for a jury trial. The demand was denied and the cause tried to the court.

For reversal of the judgment interveners assign nine alleged errors occurring on the trial, which are presented under three propositions: First, error of the court in overruling intervener's demand for a jury trial; second, that the court erred in overruling intervener's motion to suppress the evidence; and, third, that the judgment is contrary to the law and the evidence.

The controlling statute is section 2640, O. S. 1931, 37 Okla. St. Ann. sec. 89, which relates to the seizure of intoxicating liquors illegally possessed or used. The section reads:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

We consider it necessary to discuss here only the question whether the court erred in denying intervener's demand for a jury trial. This court has held that in an action for seizure and forfeiture of vehicles illegally used in transporting liquor, which proceeding is prosecuted under section 2, chapter 188, S. L. 1917, section 7024, C. O. S. 1921, section 2647, O. S. 1931, 37 Okla. St.

Ann. sec. 112, the claimant of the property seized is, on demand, entitled to a trial by a jury. Keeter v. State ex rel. Saye, County Attorney, 82 Okla. 89, 198 P. 866, 17 A. L. R. 557; Hoskins v. State ex rel. Crowder, County Attorney, 82 Okla. 200, 200 P. 168; One Paige Touring Car v. State, 83 Okla. 40, 200 P. 853.

In Bogan v. State, 56 Okla. 367, 156 P. 233, the facts disclosed the seizure of a quantity of whisky, likewise other property used on the premises where the liquor was seized. In that case certain parties intervened, claiming title to the property. In all matters relating to the property we held that interveners were entitled to a jury trial. In the body of the opinion (page 376) we said:

"The court also erred in refusing the defendant the right of trial by a jury. The latter part of section 6, supra (2636, O. S. 1931, 37 Okla. St. Ann. sec. 85), provides:

" 'If, upon hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law, and judgment shall thereupon be entered accordingly.'

"In State ex rel. Caldwell v. Hooker, County Judge, 22 Okla. 712, 98 P. 964, this court having under consideration this same question and section of the statute, in the twelfth paragraph of the headnotes, use the following language:

" 'In trials as to property rights under section 6, art. 3, of the enforcing act (Laws 1907-08, p. 605, c. 69), claimants are entitled to the right of trial by jury.'

"In the body of the opinion the court, speaking through Mr. Justice Williams, says:

" 'The presumption is that the procedure before magistrates or justices of the peace and county and district courts was contemplated: * * * that, if any other than the usual procedure was intended, the Legislature would have so expressly declared, and it does not clearly appear that it was the intention of the Legislature that the regularly prescribed procedure of trial by jury before justices of the peace and county and district courts was to be denied to such claimants, or dispensed with in such cases."

The judgment is reversed, with directions to grant interveners a jury trial.

BAYLESS, C. J., and RILEY, CORN, and HURST, JJ., concur.