MOORE v. BRETT, County Atty.

No. 30581. March 16, 1943.

Rehearing Denied May 18, 1943.

*137 P. 2d 539.*

Sigler & Jackson, of Ardmore, for plaintiff in error.

Rutherford H. Brett, County Atty., of Ardmore, for defendant in error.

HURST, J. This is an appeal from an order of forfeiture of 30 slot machines and the money, amounting to $780.60, contained therein, entered in a proceeding brought by the county attorney of Carter county under 21 O. S. 1941 § 973. The machines were seized while being operated in connection with a carnival at Ardmore. There is no contention that they are not gambling devices as defined in 21 O. S. 1941 §§ 964, 972, and as prohibited by 21 O. S. 1941 § 970.

The owner, Madge Moore, appellant here, makes three contentions: (1) That the action not being brought in the name of the state, there was no proper party plaintiff; (2) that there was no party defendant; (3) that the law (21 O. S. 1941 § 973) is unconstitutional in that it provides that the confiscation proceeding shall be heard and disposed of "without a jury."

1. The argument on the first two propositions, which we will consider together, is based upon a demurrer filed by the owner and overruled by the trial court. The grounds of the demurrer are "that said application does not state any facts which would authorize the relief prayed. for in said application and does not state a cause of action against any person, and does not

state facts which would authorize any judgment to be rendered in this case." It will be noted that the duty of the county attorney to bring the proceeding in his official capacity, if raised at all, is only raised inferentially, and the record does not show that the question was presented to the trial court, and that an opportunity to amend the application was given. The application shows plainly that it is brought to forfeit the machines under authority of 21 O. S. 1941 § 973, and when the matter was called for trial the county attorney announced that "The state is ready," so that it clearly appears that the owner knew that the proceeding was being prosecuted for and on behalf of the state.

Ordinarily, actions for forfeitures are prosecuted in the name of the state on the relation of the county attorney. 19 O. S. 1941 § 183; 21 O. S. 1941 § 973; Ponder v. State ex rel. Bruce, 186 Okla. 522, 99 P. 2d 129; Dade v. State, 188 Okla. 677, 112 P. 2d 1102; 59 C. J. 322. Such a proceeding is one in rem. Keeter v. State, 82 Okla. 89, 198 P. 866, 17 A. L. R. 557. The county attorney concedes that he should have prosecuted the action in the name of the state, and requests that this court treat the application as amended so that the State of Oklahoma, on relation of Rutherford Brett, county attorney, be designated as the applicant. As authority for such action, he cites Reeves v. Noble, 88 Okla. 179, 212 P. 995, and State ex rel. Murray v. Pure Oil Co., 169 Okla. 507, 37 P. 2d 608. While those cases were actions brought under the banking law to recover assets of insolvent banks, the rule announced in them is applicable to the instant case, and will be applied. The owner of the property was not misled in making her defense by either of the errors complained of, which were technical errors of form and not of substance, and are harmless. The use of the machines in violation of law was clearly established. No prejudice will result to the owner by treating the application as amended in the two particulars, and it will be so treated.

2. The last contention of the owner is likewise without merit.

a. By the great weight of authority gambling devices are subject to seizure and forfeiture without trial by jury, and statutes so providing are held constitutional as a valid exercise of the police power, such devices being held dangerous to the general welfare of the community. Durant v. Bennett, 54 F. 2d 634; 17 A. L. R. 573, note; 81 A. L. R. 730, note; 24 Am. Jur. 436, 438; 27 C. J. 1045. Such a proceeding being one in rem, it was not triable before a jury as a matter of right before the adoption of the State Constitution. See Kite v. People, 32 Colo. 5, 74 P. 886, and authorities above cited. In Keeter v. State, above, this principle was announced. That case, however, involved the forfeiture of an automobile, and need not be discussed here. Brown v. State ex rel. Hester, 185 Okla. 386, 92 P. 2d 351, involved the seizure of intoxicating liquor, alleged to have been in transit in interstate commerce, and therefore not subject to seizure, and the right of trial by jury was upheld under the language of the statute. The constitutional question was not discussed. There is no contention in the instant case that the machines seized may be used or useful for any purpose except gaming, or that they were not being so used at the time they were seized by the officers.

b. Defendant urges that the money contained in the machines when they were seized is property which is ordinarily used for lawful purposes, and that as the statute provides for its forfeiture without a jury trial, the statute is therefore unconstitutional. The answer to this argument is that when the money was placed in the machines by the owner to be used in their operation as gambling devices, it became an integral part of the devices, since without it no gambling could be indulged in. The money deposited therein by the players was likewise a part of the device, since without its deposit the machines could not be played. Dorell v. Clark, 90 Mont. 585, 4 P. 2d 712, 79 A.

L. R. 1000; State v. McNichols (Idaho) 117 P. 2d 468; Fairmount Engine Co. v. Montgomery County, 135 Pa. Super. 367, 5 Atl. 2d 419. The argument of defendant in the instant case as to the money might be made with equal logic as to any lever, dial, or other component part of the machine which might be used for legitimate purposes if not attached thereto. The statute (21 O. S. 1941 §§ 972, 973) makes the complete machine per se a gambling device and a public nuisance, and provides for its summary abatement and confiscation. The fact that the statute does not provide for a jury trial for any integral part of the device which might be used for a lawful purpose if detached therefrom does not render it unconstitutional.

We conclude that the law is not violative of section 19, art. 2, of the State Constitution, which provides that "the right of trial by jury shall be and remain inviolate," and that the denial of a jury trial was not error. Said constitutional provision merely safeguards the right of trial by jury "as it existed in the territory at the time of the adoption of the Constitution." State ex rel. West v. Cobb, 24 Okla. 662, 104 P. 361, 24 L.R.A. (N.S.) 639.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. ARNOLD, J., concurs in part and dissents in part.

ARNOLD, J. (concurring in part—dissenting in part). A money slot machine is a nuisance per se, being usable for no lawful purpose. There is no contention herein that the machine was not forfeitable without a jury trial.

If money in a slot machine is an integral part of the machine, there would have been no reason for the Legislature providing specifically for its forfeiture. It would be forfeitable along with, and as a part of, the machine. This is the holding of the Idaho court. State v. McNichols (Idaho) 117 P. 2d 468.

Our Legislature evidently thought, as I do, that money in a slot machine is not an actual part of the machine in law or fact, and, therefore, recognizing that the money therein would not be forfeitable at all without provision therefor, made it forfeitable. All property not a nuisance per se may be forfeited and confiscated only after trial by jury when demanded—money is ordinarily used for lawful and useful purposes. The money in question, not being a part of the machine, may not be forfeited in a summary proceeding and without a jury trial if demanded. See Keeter v. State, 82 Okla. 89, 198 P. 866; State v. Falgren, 176 Minn. 346, 223 N. W. 455; Dorrell v. Clark, 90 Mont. 585, 4 P. 2d 72, 79 A.L.R. 1000; Chappell et al. v. Stapleton, 58 Ga. A. 138, 198 S.E. 109.

Where a question of fact exists as to the unlawful use of property adaptable to, and ordinarly used for, lawful purposes, the right of a jury trial is inviolate. Article 2, sec. 19, Constitution. Money played into a slot machine without the consent of the owner is not forfeitable. However, an operator of slot machines in violation of the law of the state cannot recover money unlawfully played into slot machines operated by him; such a person has no standing in court.

The answer of the plaintiff in error in this case admits the ownership of the machines and that the money contained therein was played into the machines during the course of her operation. No question of fact was raised by the plaintiff in error that brought her within the constitutional provision guaranteeing her the right of trial by jury.

I, therefore, dissent to the holding of the majority that the money in the slot machines was an integral and inseparable part of the machines and a part of the nuisance to be abated by confiscation; otherwise I concur in the opinion.