In the Matter of M. W. F.

On Certification from the Superior Court of the District of Columbia.

No. 7716.

District of Columbia Court of Appeals.

Argued Sept. 24, 1973.

Decided Nov. 28, 1973.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the memorandum, for appellant.

Warren C. Nighswander, Washington, D. C., for appellee.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the memorandum of the United States of America as amicus curiae.

Before FICKLING, PAIR and HARRIS, Associate Judges.

PER CURIAM:

This cause came on for consideration on the certification of a judge of the Superior Court on the question of prosecutorial authority. Upon review of the memoranda of counsel and consideration of the oral argument, and it appearing to the court that M.W.F. is a juvenile charged with an act of delinquency within the purview of D.C.Code 1973, § 16–2301(7), the court is of the opinion that such juvenile is not involved in a criminal prosecution, D.C.Code 1973, § 16–2318; Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556 (1959), and that, for this reason, the question certified by the trial judge is not one properly certifiable pursuant to D.C.Code 1973, § 23–101(f).

Wherefore it is ordered that the certificate be, and hereby is, dismissed.

HARRIS, Associate Judge (dissenting):

My reasons for disagreement with my brothers' views should be preceded by some clarification of what is at issue.

A petition was filed in the Juvenile Branch of the Family Division, alleging four separate violations of law by the respondent (who now is 18 years of age, but was 17 at the time). Three counts charged D.C.Code violations; the fourth alleged an assault upon a Deputy United States Marshal in contravention of 18 U.S.C. § 111 (1970).

The moving party with respect to the delinquency petition was the office of the Corporation Counsel. The trial judge, uncertain as to the legality of the Corporation Counsel's presentation of evidence with respect to the United States Code violation, certified the question of the proper

prosecutorial authority to us in reliance upon D.C.Code 1973, § 23–101(f).[1]

Title 23 of the D.C.Code deals with criminal procedure. Since a juvenile delinquency proceeding is not a "criminal prosecution" in the customary sense, there is surface merit to my colleagues' restrictive view of the certification statute. However, with all due respect, I conclude that we should reach and resolve the question presented.

I fully endorse the protections for juvenile offenders which have been established both by Congress and by the courts. Additionally, the euphemisms which characterize Family Division proceedings strike me as not merely appropriate but highly desirable.[2] Nonetheless, there are certain procedural realities in a delinquency case which should not be discounted.

A portion of our difficulty appears to arise from certain phrases contained in the case of Pee v. United States, 107 U.S. App.D.C. 47, 274 F.2d 556 (1959). As dictum, it there was stated in part:

> In the event a child commits an offense against the law, the state assumes a position as *parens patriae* and cares for the child. Such a one is not accused of a crime, not tried for a crime, not convicted of a crime, not deemed to be a criminal, not punished as a criminal, and no public record is made of his alleged offense. *Id.* at 49, 274 F.2d at 558.

When those words were written (in 1959), they rather aptly characterized the nature of the juvenile justice process. In 1967, however, the Supreme Court decided In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, holding that thenceforth delinquency proceedings were to be adversary in nature and that a rather broad range of established adult criminal justice protections were to be afforded to juveniles. As a consequence of *Gault* and other intervening circumstances (including the enactment by Congress of the District of Columbia Court Reform and Criminal Procedure Act of 1970) which need not be recited here in detail, portions of the statement quoted from *Pee* no longer are valid. Technically inaccurate today is the comment that a juvenile "is not accused of a crime, not tried for a crime, [and] not convicted of a crime." (The rest of the language quoted above from *Pee* properly still has full vitality.)

As has been noted, the delinquency petition charged the respondent with four violations of law. The substantive portion of the standard form used in a delinquency case begins with the following printed language: "That said child appears to be in need of care or rehabilitation AND that said child".[3] That statement is followed by a blank space in which the specific charge (or charges) is typed in each case. In this proceeding, four separate counts were set forth sequentially. Their form is essentially indistinguishable from the recitation of alleged offenses in an information or indictment which is filed against an adult offender.[4]

---

1. The question of whether the Juvenile Branch of the Family Division has jurisdiction over a juvenile charged with a United States Code violation was raised but not reached in the case of In re J. R. G., D.C. App., 305 A.2d 529 (1973).

2. In juvenile delinquency proceedings, for example, the person charged with a violation of law is deemed a "respondent" rather than a "defendant," the proceeding to determine guilt or innocence is a "factfinding hearing" rather than a "trial," and a finding of guilt (which leads to an adjudication of delinquency) is followed by a "disposition hearing" rather than by a "sentencing."

3. D.C.Code 1973, § 16–2305(d) requires the inclusion in a delinquency petition of a statement "that the child appears to be in need of care or rehabilitation." The printed language on the form is in rather mechanical compliance with that directive.

4. Illustratively, count 2 states:
   Said child, at about 10:40 A.M., on May 3, 1973, near 440 G Street, N.W., in the District of Columbia, did not assault W. H. Ladson, an officer of the District of Columbia Special Police, while the said W. H. Ladson was engaged in the performance of his official duties, in violation of 22 D.C. Code 505(a).

At the initial hearing, pleas of not guilty were entered to all counts. *See* Super.Ct. Juv.R. 12(a). A not guilty plea leads to a factfinding hearing, at the conclusion of which the trial judge makes a finding of guilty or not guilty with respect to each claimed law violation.[5] In a factfinding hearing, an attorney represents the government in the presentation of evidence and argument. In every traditional sense of the term he thus inevitably functions as a prosecutor.[6]

Since some government attorney does act in a prosecutorial role in a delinquency proceeding, a question may arise as to who has such authority. Section 23–101(f) of the D.C.Code, concededly keyed to the "conduct of prosecutions," states in pertinent part:

> If in any case any question shall arise as to whether, under this section, the prosecution should be conducted by the Corporation Counsel or by the United States attorney, the presiding judge shall forthwith, either on his own motion or upon suggestion of the Corporation Counsel or the United States attorney, certify the case to the District of Columbia Court of Appeals, which court shall hear and determine the question in a summary way.

On his own motion, the trial judge raised precisely such a question, and asked us to decide whether the Corporation Counsel properly may fulfill the prosecutorial role in a delinquency case with respect to a claimed violation of Title 18 of the United States Code. While the certification provision is included within the criminal procedure portion of the Code, there is no escaping the fact that the respondent in a juvenile delinquency proceeding is charged with a violation of law, is tried for a violation of law, and is found guilty or not guilty of the alleged offense.[7] We have held that the Corporation Counsel may appeal from the granting of a motion to suppress evidence in a delinquency proceeding pursuant to D.C.Code 1973, § 23–104(a)(1), a provision which also is in the criminal procedure portion of the Code. In re M.E.H., D.C.App., 312 A.2d 561 (1973). Similarly, in my view, the question of the appropriate prosecutorial authority properly may be certified to this court.

---

5. Super.Ct.Juv.R. 31. Of particular interest from the standpoint of semantics is the language contained in Rule 31(c), which reads: Conviction of a Lesser Included Offense. The respondent may be found guilty of an offense necessarily included in the offense charged or, in a delinquency case, of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

6. The conduct of a delinquency factfinding hearing and an adult nonjury criminal trial are virtually identical, save for the fact that non-parties to a juvenile proceeding are pro-

hibited from attending without permission of the trial judge in order to preserve confidentiality. D.C.Code 1973, § 16–2316(c).

7. When a predisposition report is prepared on a juvenile offender (akin to a presentence report for an adult), the trial judge is informed in detail as to any prior law violations. Such information is conveyed specifically, rather than by the rather meaningless phrase "adjudication of delinquency." Thus, a predisposition report might reflect that a particular juvenile was found guilty of petit larceny in August, 1970; burglary II in September, 1971; etc.