William B. **CARITHERS** ($1,783.00 in United States Currency), Appellant,

v.

**DISTRICT OF COLUMBIA**, a municipal corporation, Appellee.

No. 8026.

District of Columbia Court of Appeals.

Argued May 22, 1974.

Decided Oct. 8, 1974.

Samuel Bogorad, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

The issue presented by the instant case is whether a claimant has a right to a jury trial when the District of Columbia, pursuant to D.C.Code 1973, § 22–1505(c),[1] brings a libel action to forfeit seized currency allegedly used in an illegal gambling enterprise. Since the claimant-appellant asserted that the currency was neither used nor to be used for gambling purposes, we conclude that there is such a right in this case.

On September 22, 1972, officers of the Metropolitan Police Department entered a premises and seized $1,783 from appellant. Subsequent to the seizure, a libel action, as authorized by section 22–1505(c), was initiated seeking condemnation and forfeiture of the seized currency. A motion by the government to strike claimant's jury demand was granted. Trial was before the court and the seized currency was forfeited to the District of Columbia.

The Seventh Amendment to the Constitution provides, in pertinent part:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of jury trial shall be preserved . . . .

It has long been recognized that this amendment is applicable to judicial actions of the courts in the District of Columbia. *See* Capital Traction Co. v. Hof, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873 (1899).

1. In pertinent part, this provision reads:
(c) All moneys, vehicles, furnishings, fixtures, equipment, stock (including, without limitation, furnishings and fixtures adaptable to nongambling uses, and equipment and stock for printing, recording, computing, transporting, safekeeping, or communication), or other things of value used or to be used—
(1) in carrying on or conducting any lottery, or the game or device commonly known as a policy lottery or policy, contrary to the provisions of section 22–1501;
(2) in setting up or keeping any gaming table, bank, or device contrary to the provisions of 22–1504; or
(3) in maintaining any gambling premises,
shall be subject to seizure by any member of the Metropolitan Police force, or the United States Park Police, or the United States marshal, or any deputy marshal, for the District of Columbia, and any property seized regardless of its value shall be proceeded against in the Superior Court of the District of Columbia by libel action brought in the name of the District of Columbia by the Corporation Counsel or any of his assistants, and shall, unless good cause be shown to the contrary, be forfeited to the District of Columbia . . . .

The obvious test to apply when deciding whether a litigant is entitled to a jury trial in a given cause of action is to inquire whether at common law his claim is one which entitles him to a jury. *See e. g.,* State Conservation Department v. Brown, 335 Mich. 343, 347, 55 N.W.2d 859, 861 (1952). Resolution of the Seventh Amendment question becomes more difficult, however, when a litigant's cause of action does not arise at common law but rather is specifically created by statute. In such a case, as in the instant one, the test is less straightforward.

Some decisions have reasoned that if a given statutory cause of action was not in existence at common law, there is no right to jury trial in such a proceeding absent specific statutory provision for it. *See e. g.,* Campbell v. State, 171 Ind. 702, 87 N.E. 212 (1909). This literal approach has been widely criticized, however. For example, in State v. 1920 Studebaker Touring Car, 120 Or. 254, 251 P. 701 (1926),[2] the court, in discussing the point at some length, remarked:

> It is argued that these proceedings concern matters in respect to prohibitory laws enacted since the adoption of the Constitution, and for that reason are not within the guaranty of the Constitution, and that controversies concerning violations of them may be disposed of by the courts in any manner the Legislature sees fit to adopt. The answer to this contention is that the constitutional right of trial by jury is not to be narrowly construed, and is not limited strictly to those cases in which it had existed before the adoption of the Constitution, but is to be extended to cases of like nature as they may hereafter arise. [*Id.* at 263, 251 P. at 704.]

In accord with the above is People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832 (1951), a case in which the Supreme Court of California held that a California statute which provided for summary forfeiture of an automobile allegedly used to transport marijuana unconstitutionally deprived the claimant of his right to a jury trial. In discussing the Seventh Amendment problem, the court stated:

> In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case—the gist of the action. A jury trial must be granted where the gist of the action is legal, where the action is in reality cognizable at law. [*Id.* at 299, 231 P.2d at 843–844.]

Recently the Supreme Court in Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), approved this analytical approach in holding that a stockholder was entitled to jury trial of the essentially legal claims in a derivative suit against the directors of a corporation despite the fact that the form of the action itself was a creature of equity. "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Id.* at 538, 90 S.Ct. at 738 (footnote omitted). *See also* Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

Having thus established the test, it becomes necessary to determine the nature of the rights at stake in the instant proceeding. The court in People v. One 1941 Chevrolet Coupe, *supra,* stated:

> Although the suit by the state is nominally in rem against the vehicle itself, in reality it is directed against those who have property interests in the vehicle. The automobile is not itself an offender

---

2. The court held unconstitutional an Oregon statute to the extent that it provided for the forfeiture of an automobile allegedly used to unlawfully transport liquor prior to any conviction of an offense and denied the owner of the car any right to a jury trial in the forfeiture proceeding.

but has merely been used [3] in the commission of an offense. The statute operates to transfer property rights in the automobile to the state, as a penalty against the owners for this misuse. [*Id.*, 37 Cal.2d at 302, 231 P.2d at 845 (footnote supplied).]

That which was said above concerning the automobile is equally applicable to the currency seized in the instant case. The California court was careful to emphasize for Seventh Amendment purposes the distinction between summary forfeiture of contraband per se (*e. g.*, narcotics) and property which only becomes illegal if used in an illegal manner. *Cf.* Moore v. Brett, 193 Okl. 627, 137 P.2d 539 (1943) (partial dissent of Arnold, J.). Rejecting the reasoning of cases (*see, e. g.*, Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894)) which attached little import to this distinction, the California court stated:

> Automobiles, carriages, wagons, horses, and mules [and we would include currency], that are ordinarily used for lawful purposes, cannot be classified with narcotics, gambling paraphernalia, counterfeit coins, diseased cattle, obscene books and pictures, decayed fruit and fish, unwholesome meat, infected clothing, or other contraband, which are ordinarily used for an unlawful purpose, and are public nuisances *per se*. While property kept in violation of law which is incapable of lawful use and declared to be a nuisance *per se* may be forfeited without a trial by jury under the police power, it does not follow that property ordinarily used for lawful purposes—innocent property—may be forfeited without a trial by jury where an issue of fact is joined as to whether the property was being used for an unlawful purpose or is to be taken from an innocent owner. There is no general constitutional right to a jury trial in actions for the seizure and forfeiture of contraband articles.

But property is not contraband or a public nuisance merely because it was [allegedly] instrumental in the commission of a public offense. [People v. One 1941 Chevrolet Coupe, *supra*, 37 Cal.2d at 298, 231 P.2d at 843 (footnotes omitted).]

Other thoughtfully written opinions agree with this reasoning. *See e. g.*, Keeter v. State ex rel. Saye, 82 Okl. 89, 198 P. 866 (1921), and State v. 1920 Studebaker Touring Car, *supra*.

■ It should be noted here that People v. One 1941 Chevrolet Coupe, *supra*, has been criticized for engaging in inapposite historical analysis by analogizing the instant type of forfeiture proceeding with early English forfeiture proceedings on land relating to the trade and revenue laws which were entertained by jury trial in the Court of the Exchequer. (*See* Note, 25 So.Calif.L.Rev. 141, 144 (1951).) Such criticism, regardless of whatever legitimate historical points it may raise, misses the crux of the Seventh Amendment test as espoused by Ross v. Bernhard, *supra*. That is, it cannot be expected that a perfectly congruent analogy can be drawn between various common-law causes of action and the instant statutory one, nor would such an analogy necessarily be determinative if it could be drawn. Rather, the deciding factor is the nature of the rights at issue.

■■ We are persuaded that the nature of the instant statutory provision constitutes a procedure for depriving claimant of his property rights. Accordingly, strict procedural safeguards must be afforded.

> "Where a proceeding is authorized which may result in a judgment that operates upon the property of the individual, either by way of forfeiture or by means of execution, the uniform rule of law has always been that, before such judgment can pass, the individual is entitled to a jury trial, unless he waives the

---

3. In the context from which this quotation is taken, the meaning of the passage would be clarified by insertion of the word "allegedly" before the words "been used".

same." . . . [State v. 1920 Studebaker Touring Car, *supra,* 120 Or. at 260, 251 P. at 703, quoting from Colon v. Lisk, 13 App.Div. 195, 204, 43 N.Y.S. 364, 370 (1897).]

Notwithstanding the above, the court recognizes the universally accepted rule that a jury trial may be bypassed when the court exercises its discretion in equity to abate a nuisance per se. *See, e. g.,* Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887). *See, also* Annots., 50 A.L.R. 97 (1927) and 17 A.L.R. 568 (1922). It is noted that unlike other statutes at issue in various cases (*e. g.,* Lawton v. Steele, *supra*), the instant statute does not specifically characterize the various items subject to forfeiture as a nuisance. But we agree with the following statement of the court in Keeter v. State ex rel Saye, *supra,* 82 Okl. at 93, 198 P. at 870:

> It is true that it is not necessary in every case that a jury trial be granted in order to constitute due process of law, yet it is equally as well settled that the Constitution of this state protects the citizen and his property, lawfully acquired and lawfully possessed, to the extent of guaranteeing to him a jury trial when the accusation is made that he has diverted his property from its ordinary lawful use to an illegal use. . . .

■ We also subscribe to this further reasoning of the court in *Keeter, supra,* 82 Okl. at 93, 198 P. at 870:

> If the Constitution fails to protect a citizen from being deprived of such ["innocent property"] without the right of a trial by jury, where the only issue involved is whether the owner of such property is a criminal and has committed a criminal offense in the unlawful use of his property, then we know of no case that falls fairly within the meaning of the provisions of the Constitution under consideration. We would be confronted with the unreasonable situation that a deputy sheriff could file an accusation

against any farmer in this state, charging him with having transported whiskey in his wagon; the farmer could come into court, being a man whose reputation had never been challenged, and deny the accusation and demand that the issues joined be submitted to a jury before his team be declared forfeited; but . . . the right of trial by jury must be denied. We cannot adhere to any such construction of the Constitution of this state.

In short, we view the equitable proceeding to abate a nuisance as an exception to the common-law rule that a jury trial is required before one can be deprived of his property. We find the instant proceeding involving the necessity of a factual determination of the illegality of the use of the currency to fall within the general rule rather than the exception. *See* People v. One 1941 Chevrolet Coupe, *supra,* 37 Cal. 2d at 300, 231 P.2d at 844.

It is necessary to acknowledge and discuss the fact that a substantial number of cases reach the opposite conclusion from ours in similar circumstances. Generally these cases differ for one or a combination of the following reasons: (1) they recognize no controlling significance in the distinction between forfeiting contraband per se and that sort of property which is only harmful when illegally employed (*see, e. g.,* Lawton v. Steele, *supra*); (2) they hold that since this statutory forfeiture proceeding was not in existence at common law, there is no right to jury trial unless the legislature so provides (*see, e. g.,* Campbell v. State, *supra*); (3) they classify the proceeding as one in equity to abate a nuisance and find the classification of the cause of action rather than the nature of the issue to be controlling (*see, e. g.,* Moore v. Brett, *supra*); and/or (4) they hold that because the forfeiture proceeding is an action in rem no jury trial is required (*see, e. g.,* Campbell v. State, *supra,* and State v. Kelly, 57 Mont. 123, 187 P. 637 (1920)). *See generally* Annots., 50 A.L.R. 97 (1927) and 17 A.L.R. 568 (1922). For reasons discussed in this opinion, we have

rejected the above elements of analysis in favor of the analysis in the cases on which we rely.

Lastly, the District of Columbia contends that the history of the instant legislation clearly shows that the provision prior to its 1953 amendment was of the sort designed to abate a nuisance, being aimed strictly at items of contraband per se (various gambling devices). Accordingly, the District urges that when Congress in 1953 added to the items subject to seizure such things as moneys, furnishings, fixtures, .equipment, etc., used or to be used in violation of the gambling laws, whether or not a seized item was "adaptable to nongambling uses" (section 22–1505(c), *supra*),

> [that] statutory extension of the nuisance concept to items not *per se* unlawful obviously did not change the nature of the *in rem* summary nuisance abatement proceeding of an equitable character envisioned by § 22–1505(c). [Brief for Appellee at 8.]

Assuming arguendo the correctness of this characterization of the legislation prior to 1953, the court in *Keeter* addressed and disposed of the District's suggestion in a manner in which we concur, particularly in light of the test in Ross v. Bernhard, *supra*. Again, within the context of having stressed the significance of the fact that the property to be forfeited was not per se unlawful, the court refused to elevate form over substance, stating:

> While it is true that the proceeding is not one for the recovery of personal property, the effect of the proceeding is that if the state prevails in the action the owner of the property sought to be forfeited is deprived of his property. [In light of this fact] it is immaterial what kind of a proceeding it is, whether in rem, libel, or quasi criminal, there can be no mistake as to the effect of the action. [Keeter v. State ex rel. Saye, *supra,* 82 Okl. at 94, 198 P. at 871.]

In closing, the present holding must be placed in its proper perspective. We hold that when property, not per se unlawful, is sought to be forfeited pursuant to D.C. Code 1973, § 22–1505(c), the claimant of such property is entitled to a trial by jury to decide the factual issue of whether the property was illegally employed.

So ordered.