**DISTRICT OF COLUMBIA, Appellant,**

v.

**M. A. C., Appellee.**

No. 8145.

District of Columbia Court of Appeals.

Argued Sept. 18, 1974.

Decided Nov. 21, 1974.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant. Louis P. Robbins, Principal Asst. Corp. Counsel, Washington, D. C., also entered an appearance on behalf of appellant.

Claire O. Ducker, Sr., Washington, D. C., appointed by this court, for appellee.

Before FICKLING, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This case hinges on the jurisdictional question of whether a timely notice of appeal was filed by the government. The juvenile, then aged 14 years and 11 months, was charged with first-degree murder and felony-murder (rape) (D.C.Code 1973, § 22–2401), and carnal knowledge (D.C.Code 1973, § 22–2801) of a 12-year-old girl. A pretrial motion to suppress the oral and written confessions was granted on *Miranda* grounds, the government contending that the juvenile was not in custody when interrogated.[1] The government filed a no-

---

1. At the beginning stages of the investigation, the police interviewed the juvenile. From what the juvenile said, he was a witness to the departure of two men from the scene of the crime. At a second interview it became apparent that there was about a 1-hour discrepancy as to the time when those men were seen leaving the scene. The juvenile purported to identify the men by photographs. When the men were questioned, they gave a significantly different accounting of their activities. The police thus concluded that the juvenile "was lying" and interviewed him a third time. He was transported to the police station for questioning. *See* Seals v. United States, 117 U.S.App.D.C. 79, 325 F.2d 1006 (1963).

During interrogation by numerous officers, the juvenile was told that the chair in which he was sitting was a "lie detector chair" and that it was "hooked up." The ruse was exag-

gerated by a contrived "demonstration"—appellee was asked his name, and when he stated it the officer's companion, feigning that he was looking at the "machine", said the needle did not move; next, when asked his age, the juvenile replied that he was 15, and the needle reportedly moved a little, causing him to acknowledge that he would soon be 15; finally, when asked whether he was telling the truth about what he knew of the killing, he responded that he was. The "needle" reportedly "moved way over". Shortly thereafter, the oral and the written confessions were obtained. *See* Culombe v. Connecticut, 367 U.S. 568, 571–572, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); Spano v. New York, 360 U.S. 315, 321 n. 2, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959); Lisenba v. California, 314 U.S. 219, 237, 62 S.Ct. 280, 86 L.Ed. 166 (1941), and Fuller v. United States, 132 U.S.App.D.C. 264, 278, 407 F.2d

tice of appeal 11 days thereafter. We dismiss the appeal on a holding that the ten-day period provided in our Rule 4 II(b) for appeals in "criminal cases" governs, rather than the thirty-day period under Rule 4 II(a).

This court has held that the District of Columbia, the prosecuting authority in delinquency proceedings, has a right of appeal from pretrial orders suppressing evidence under D.C.Code 1973, § 23–104(a)(1). *See* District of Columbia v. M. E. H., D.C.App., 312 A.2d 561 (1973). The issue resolved there was whether a delinquent was "any person charged with a criminal offense" within the meaning of § 23–104(a)(1). Our holding was in the affirmative. However, the notice of appeal in *M.E.H.* was filed within ten days of the suppression order and it was, therefore, not necessary to reach the issue now presented.

The government contends that in the overall context, delinquency proceedings are non-criminal because they are non-punitive, and therefore they must be civil in nature. *See* In re M. W. F., D.C.App., 312 A.2d 302 (1973); In re M. C. F., D.C. App., 293 A.2d 874 (1972); Anonymous v. Superior Court, 14 Ariz.App. 502, 484 P.2d 655 (1971); State ex rel. R. L. W. v. Billings, 451 S.W.2d 125 (Mo.1970). On the other hand, we are urged to look to cases such as McKeiver v. Pennsylvania, 403 U. S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1967), and to conclude that in the ultimate analysis delinquency proceedings are criminal in nature.

This court has recently held, in the context of testing the right to a jury trial in a forfeiture proceeding, that it is necessary to determine the nature of the issue to be litigated and not the overall nature of the cause of action to determine the existence of that right under the Seventh Amendment. *See* Carithers v. District of Columbia, D.C.App., 326 A.2d 798 (decided October 8, 1974). *See also* Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L. Ed.2d 729 (1970). That approach lends itself to resolution of this late-notice-of-appeal question and gets our analysis away from the use of beguiling labels or definitions. *See* District of Columbia v. M. E. H., 312 A.2d *supra* at 566 (Nebeker, J., concurring).

The answer is quite simple when it is realized that the underlying issue in a delinquency proceeding is whether the defendant committed an act proscribed by the criminal laws. The fact that the ultimate legal and social purpose of an adjudication of delinquency, based upon a finding of guilt, is non-punitive does not detract from the fact that an alleged violation of a criminal statute gave rise to the proceeding and that a determination of guilt or innocence ends its fact-finding aspects. *See* Super.Ct.Juv.R. 12(a) and 31.

In addition, if we were to take the approach which the District of Columbia urges us to take, it would seem that the government would have it both ways. It may appeal the denial of a suppression order because the delinquent is a person charged with an offense under District of Columbia v. M. E. H., *supra,* and yet the government now asks us to hold that the charge is civil in nature within D.C.App.R. 4.

Our holding is consistent with the practice of this court in treating all delinquency appeals in the same manner as criminal appeals, in that all such appeals are given

1199, 1213 (1967), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). *But cf.* Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), in which the Supreme Court held that the actions of the police in

falsely telling a mature and normally intelligent defendant that his associate had confessed did not render defendant's subsequent confession involuntary and inadmissible.

preference in placement on our calendar over other cases not statutorily preferred. *Cf.* Fed.R.Crim.P. 50(a).

The appeal is, therefore,

Dismissed.